UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

RICHARD SANCRUZADO, individually and
on behalf of all those similarly situated,

       Plaintiff,

v.

FLOSPORTS, INC. d/b/a FLOWRESTLING,

       Defendant.
_____/

CLASS ACTION

JURY TRIAL DEMANDED

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to sections 1332, 1441, 1446, and 1453 of Title 28 of the United States Code, Defendant FLOSPORTS, INC. d/b/a FLOWRESTLING ("FloSports" or "Defendant"), hereby removes the above-captioned action filed by Plaintiff RICHARD SANCRUZADO ("Sancruzado" or "Plaintiff") to the United States District Court for the Southern District of Florida. Removal is proper because, as set forth herein, this Court has subject matter jurisdiction over the claims at issue in the action and the procedural requirements for removal have been satisfied.

**I.  Removal is Timely.**

1.     On March 17, 2024, Plaintiff filed a class action complaint (the "Complaint") in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, entitled *Richard Sancruzado v. FloSports, Inc. d/b/a FloWrestling*, bearing Case No. 2024-004756-CA-01 (the "State Court Action").

165816.00001/135072823v.1

2. On April 3, 2024, Plaintiff purported to have effected service by delivering a copy of the Summons, Civil Cover Sheet, Class Action Complaint ("Complaint") and Plaintiff's First Set of Discovery Requests to Defendant via Defendant's registered agent for service of process.

3. This Notice of Removal is timely because it is being filed within 30 days of service of the Summons and Complaint on Defendant.

## II. Nature of the Action.

4. This is a putative class action asserting one cause of action under the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA").

5. Specifically, Plaintiff alleges Defendant attempted to collect a debt by sending an electronic mail communication to Plaintiff advising "I would like to inform you that the most recent charge attempt for FloSports PRO has declined…. To Continue your PRO subscription and access to all of the FloWrestling exclusives, plead update your payment information now." Compl. ¶¶ 15-19. Plaintiff further alleges Defendant sent the electronic mail communication to Plaintiff at 10:55 PM in Plaintiff's time zone. *Id.*, ¶¶ 20-21.

6. Plaintiff seeks to represent a class of persons who he claims are similarly situated: "[1] all persons with Florida addresses [2] that Defendant or someone on Defendant's behalf [3] sent an electronic mail communication to [4] between 9:00 PM and 8:00 AM [5] in connection with the collection of a consumer debt." *Id.*, ¶ 23.

## III. The Court Has CAFA Jurisdiction Over the Action.

7. This action is within the original jurisdiction of this Court, and removal is proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), which grants district courts original jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 and any member of the class of plaintiffs is a citizen of a State different from any

defendant. As set forth herein, this action satisfies each of the requirements of § 1332(d)(2) for original jurisdiction under CAFA.

8.  Covered Class Action. This action meets the CAFA definition of a class action, which is "any civil action filed under [R]ule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a) & (b). To wit, Plaintiff brings this action ostensibly on behalf of a class of plaintiffs under Rule 1.220(b)(2) and (b)(3) of the Florida Rules of Civil Procedure. Compl., ¶ 23.

9.  Diversity. The required diversity of citizenship under CAFA is satisfied because "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Namely:

    a.  Plaintiff alleges that he is a citizen of the State of Florida and, more specifically, resides in Miami-Dade County, Florida. Compl., ¶ 5.
    b.  Plaintiff alleges Defendant is Delaware corporation, with its principal place of business located in Austin, Texas. *Id.*, ¶ 6.

10. Class Action Consisting of More than 100 Members. Plaintiff pleads Defendant has sent electronic mail communication between 9:00 PM and 8:00 AM to "several thousand" alleged debtors in Florida. Compl., ¶¶ 23, 25.

11. Amount in Controversy. Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2), (d)(6).

    a.  Plaintiff seeks damages, costs, and attorney's fees from Defendant. Compl., ¶ 37.
    b.  Pursuant to Fla. Stat. § 559.77(2), an aggrieved party may recover "actual damages and for additional statutory damages as the court may allow, but

not exceeding $1,000….” Further, “[i]n a class action lawsuit brough under this section, the court may award additional statutory damages of up to $1,000 for each named plaintiff and an aggregate award of additional statutory damages up to the lesser of $500,000 or 1 percent of the defendant's net worth for all remaining class members….” *Id.*

12. Accordingly, the amount in controversy is well over $5 million. Plaintiff's estimate of class members is "several thousand," which suggests two thousand or more. Two thousand multiplied by $1,000 in statutory damages amounts to $2 million. In addition, with the lesser aggregate award of $500,000 and attorneys fees and costs, and without conceding any merit to the Complaint's damages allegations or causes of action, the amount in controversy here, as alleged in Plaintiff's complaint, exceeds CAFA's jurisdictional threshold.

13. In addition, Defendant estimates that at least 5,000 emails fit the description of the emails at issue in this case, bringing the potential class size, without conceding the merits of class claims or certification, and without conceding the legal conclusions embedded in the class definition such as "debtor," to well over the threshold to meet the minimum amount in controversy. *See* **Exhibit 1**.

**IV. All Other Procedural Requirements Have Been Met.**

14. This action is properly removed to this Court because the state court action is pending within this district and division. 28 U.S.C. §§ 1441(a), 84(c)(1).

15. A true and correct copy of the State Court Complaint is attached hereto as **Exhibit 2**.

16. A true and correct copy of the Circuit Court's online docket in the State Court Action is attached hereto as **Exhibit 3**.

17. Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings, process, and orders served on or received by Defendant in the state court action must be attached to the Notice of Removal. True and correct copies of all substantive documents listed in that docket, in the same sequence as they appear on that docket (excluding payment receipts, electronic confirmations, etc.) are attached hereto collectively as **Composite Exhibit 4**.

18. In compliance with 28 U.S.C. § 1446(d), a copy of the Notice of Filing of Notice of Removal to the United States District Court for the Southern District of Florida that will be filed with the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida is attached hereto as **Exhibit 5**.

19. In the event that Plaintiff seeks to remand this case or the Court considers remand *sua sponte*, Defendant respectfully requests the opportunity to submit each additional argument or evidence in support of removal as may be necessary.

**V. Non-Waiver of Defenses.**

20. Nothing in this Notice shall be interpreted as a waiver or relinquishment of Defendant's right to assert any defenses or affirmative matters, including, without limitation, a motion to compel arbitration, a motion to dismiss this action, and a motion to stay this action.

WHEREFORE, Defendant respectfully removes this action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, to this Court.

Dated: May 1, 2024                                      Respectfully submitted,

                                                        **BLANK ROME LLP**

                                                        */s/Michael R. Esposito*
                                                        Michael R. Esposito
                                                        Florida Bar No. 37457
                                                        100 S. Ashley Drive, Suite 600
                                                        Tampa, FL 33602
                                                        Telephone: 813.255.2324
                                                        Facsimile: 813.433.5352

E-Service: BRFLeservice@BlankRome.com
*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I, Michael R. Esposito, Esq., hereby certify that on May 1, 2024, I electronically filed the foregoing Notice of Removal of Defendant FloSports, Inc. d/b/a FloWrestling with the Court via the ECF System and is available for viewing and downloading from the ECF system, and a true and correct copy was served to all counsel of record registered with the ECF system.

*/s/Michael R. Esposito*
Michael R. Esposito
Florida Bar No. 37457